UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LAMAR BRUNO, JR.,

    Plaintiff,

v.                                                         Case No. 3:22cv1621-LC-HTC

BOARD OF COUNTY COMMISSIONERS,
 ESCAMBUA COUNTY JAIL ADMINISTRATION, and
 ESCAMBIA COUNTY JAIL HEALTHCARE PROVIDER,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, Lamar Bruno, Jr., who was a prisoner at the Escambia County Jail at the time he initiated this case, filed a *pro se* amended civil rights complaint pursuant to 42 U.S.C. § 1983 seeking injunctive relief regarding the conditions of his confinement at the Jail. ECF Doc. 4. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). Because Petitioner seeks only injunctive relief and has been released, the undersigned respectfully recommends this case be DISMISSED AS MOOT.

## I.     BACKGROUND

In the amended complaint, Plaintiff identifies three (3) defendants in the caption: Escambia Board of County Commissioners, Escambia County Jail Administration, and Escambia County Jail Healthcare Provider.  However, in the body of the amended complaint, he only lists the Board of County Commissioners as a defendant.  ECF Doc. 4.

In the Statement of Facts, he complains about the following issues:

(1) Escambia County Jail (ECJ) and the Medical Department is failing to protect and ensure my safety against Covid-19 by not providing new or clean mask daily, social distancing, testing, and by bringing new commits into the dorm where I'm housed.

(2) Escambia County Corrections (ECC) is allowing the food service provider to serve me only (2) hot meals while Escambia County Work Annex is getting (3) hot meals a day when both are run by the same people.

(3) Overcrowding by having (3) inmates sleep in a two-man cell and the person on the floor has to deal with a leaking toilet and at time waking up with ants in your bed on the floor.

(4) No dental staff at the jail and if dental care is needed you are told that you must pay for this to another dental care provider before you can be seen and even if you are indigent you still can't get any dental care while you are in jail.

(5) Being forced to work if sentenced and not allowed to obtain a GED.  I work in laundry service and would like to attend GED but was told I couldn't due to my job and if I refused to work would be written a DR.

(6) Medical nor jail staff allow social distancing and the jail will bring intakes in and place them in my dorm with no testing prior to this.

>(7) Allowing Keefe Commissary to price gouge inmates by charging up to 75% mark up on products like $0.99 for a ramen noodle soup when they can be purchased for 5 for $1.00 and this violates Florida Model Jails Standards and Florida Statutes.
>
>(8) Maintaining sanitation of the pod is left to the inmates and at times there are no chemicals for up to a week at a time, leaving no way but to use personal soap bought to clean our cells.
>
>(9) Medical staff denied me my inhaler due to asthma for the first 3 weeks I was in jail with no reason why, and I had to declare 3 different medical emergencies because of lack of care.

ECF Doc. 4 at 5-6.

In the Statement of Claims, he claims his rights under the "First, Fourth, Fifth, Sixth, Eighth, Ninth and Fourteenth" amendments have been violated "due to punitive and inhumane conditions and treatment." ECF Doc. 4 at 7. For relief, he requests only the following: "I am seeking to have Escambia County Jail administration, medical providers, and Board of Commissioners fix these issues so that both ECWA and ECCMJ are treated equal[ly] and the same with the same condition applying to both for self-betterment." ECF Doc. 4 at 7.

## II.  LEGAL STANDARD

Under 28 U.S.C. § 1915A, the Court has an obligation to review a prisoner's complaint, identify cognizable claims, and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon

which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a), (b).

Dismissals under 28 U.S.C. § 1915A for failure to state a claim are generally governed by the same standard as dismissals under the Federal Rules of Civil Procedure. The Court accepts all well pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court reads Plaintiff's *pro se* allegations in a liberal fashion. *See Haines v. Kerner*, 404 U.S. 519 (1972).

## III.   ANALYSIS

Plaintiff's amended complaint, which seeks only injunctive relief, is moot. "A prisoner's transfer or release from a correctional facility generally will moot his claims for injunctive relief in a § 1983 action." *Owens v. Centurion Med.*, 778 F. App'x 754, 758–59 (11th Cir. 2019) (citing *Spears v. Thigpen*, 846 F.2d 1327, 1328 (11th Cir. 1988) (noting that, in this circumstance, there is no longer a "case or controversy once the inmate has been transferred")); *see also Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) ("Past exposure to illegal conduct does not

constitute a present case or controversy involving injunctive relief if unaccompanied by any continuing, present adverse effects.").

Nor will there be any case or controversy when the chance of a prisoner's return to the offending facility is too speculative. *Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (holding that a prisoner's claim for injunctive relief was moot since he was no longer being held in the jail with the conditions he had challenged and the risk of being sent back to that jail, and suffering from the threatened injury, was too speculative).

At the time he filed the initial complaint, Plaintiff was serving a 180-day sentence in county jail based on his conviction and sentence on November 1, 2021 in Escambia County case no. 2020 CF 000312.[1]  Plaintiff informed the Court that he was released from Jail custody on February 18, 2022, presumably because he has completed his sentence. ECF Doc. 5 at 1.  Thus, his return to the Jail to face the same conditions is dependent upon him being rearrested and rebooked into the Jail.  This is too speculative a risk to support injunctive relief. *See Cotteral*, 755 F.2d at 780.  Therefore, the amended complaint should be dismissed.

---

[1] http://public.escambiaclerk.com/BMWebLatest/Home.aspx/Search (last accessed March 3, 2022).  A federal court may properly take judicial notice of state court dockets. *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 652 (11th Cir.), *cert. denied sub nom. Paez v. Inch*, 141 S. Ct. 309 (2020); Fed. R. Evid. 201(b)(2).  Thus, as an initial matter, the undersigned will take judicial notice of Plaintiff's state court records.

Also, *sua sponte* dismissal of the dismissal is appropriate in this case. A "district court can only dismiss an action on its own motion as long as the procedure employed is fair." *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (quoting *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir.2006)). To employ fair procedure, a district court must generally "provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1069 (11th Cir.2007). A magistrate judge's report and recommendation provides such notice and opportunity to respond. *See Shivers v. Int'l Bhd. of Elec. Workers Local Union 349*, 262 F. App'x 121, 125, 127 (11th Cir. 2008); *Anderson v. Dunbar Armored, Inc.*, 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that report and recommendation served as notice that claims would be sua sponte dismissed).

## IV. CONCLUSION

Accordingly, it is respectfully RECOMMENDED:

1. This case be DISMISSED as moot.
2. The clerk be directed to close this file.

Done at Pensacola, Florida, this 4th day of March, 2022.

/s/ *Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.